## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**JAVIER SOLIS-MARRUFO,**

     **Plaintiff,**

**v.**                        **CIV 11-107 WDS/KBM**

**BOARD OF COMMISSIONERS FOR**
**THE COUNTY OF BERNALILLO,**
**BENJAMIN FULLER, AND**
**CHRISTOPHER LEEPER, JOHN**
**MCCAULEY, ANTHONY ALLEN,**
**RONALD GRIFFITH, HARRY**
**LANDIS, AND LAWRENCE TAFOYA,**

     **Defendants.**

### ORDER DENYING PLAINTIFF'S DAUBERT MOTION TO
### STRIKE EXPERT TESTIMONY, AND PLAINTIFF'S MOTION
### TO STRIKE EXPERT TESTIMONY UNDER RULE 26

**THIS MATTER** comes before the Court on Plaintiff's *Daubert* Motion to Exclude the Expert Testimony of Dr. William Syme [Doc. 86]; and Plaintiff's Motion to Strike the Defendants' Expert Dr. William Syme [Doc. 87]. Defendants have filed briefs in opposition to the motions, and Plaintiff has filed reply briefs. Having considered the submissions, the applicable law, and being otherwise fully advised, this Court finds that Plaintiff's motions are not well taken and they are denied.

### DISCUSSION

The Court will address Plaintiff's second motion first. In that motion, Plaintiff seeks to strike the expert report and disclosures of Defendants' expert, Dr. Syme. The basis for the motion is the purported failure to comply with Fed. R. Civ. Proc. 26. Plaintiff alleges that Defendants' July 18, 2011 expert witness disclosures were inadequate in that there was inadequate disclosure of Dr.

Syme's opinions and the basis for them, per Rule 26(a)(2)(B)(i), and inadequate disclosure of Dr. Syme's qualifications per Rule 26(a)(2)(B)(iv).  Plaintiff also argues that the Court should ignore the October 27, 2011 amended Rule 26 disclosure, and decide whether to strike Dr. Syme as an expert witness solely on the strength of the July 18, 2011 disclosures.

First, Plaintiff's position that the Court only consider the first disclosure is not well taken. Plaintiff identifies no prejudice to his case as a result of the amended disclosure.  The amended disclosure was made in a timely manner after Plaintiff raised an objection to the first expert disclosure.  The amendment was made approximately six months before trial, and this is not a situation where the amendment followed the deposition of the expert.  Furthermore, the federal rules specifically contemplate amendment of Rule 26 disclosures, and the Court can identify no reason for disallowing the amended disclosure.

Second, while Defendants's July 18 Rule 26 expert disclosure was sparse in terms of the information provided pursuant to subsection (i)-- complete statement of all opinions and the basis and reason for them–in the Court's opinion the amended disclosure remedies whatever shortcomings may have existed in the first disclosure.  Dr. Syme's opinion is clearly stated, that trauma, such as a kick to the groin, does not cause bilateral inguinal hernias such as those experienced by Plaintiff. Dr. Syme is basing that opinion on his medical training and experience treating approximately 2,000 patients with such hernias, and operating on approximately 1,500 such patients.  To the extent that Plaintiff wants more detail on the basis for the expert opinion, or more detail regarding Dr. Syme's qualifications beyond those disclosed, he is free to depose Dr. Syme.

Plaintiff's first motion is an attempt to strike Defendants' expert, Dr. Syme, on the basis that he has no training or expertise in biomechanics or the science concerning the effect of forces on the human body, and therefore is unqualified to testify about the causal link between the development

of hernias and trauma, which Plaintiff suggests is essentially an area of expertise in biomechanics. Plaintiff's position is not well taken.  Plaintiff cites two New Mexico cases, *Madrid v. University of California*, 105 N.M. 715, 716, 737 P.2d 74, 75 (1987) and *Baerwald v. Flores*, 122 N.M. 679, 683-84, 930 P. 2d 816, 820-21 (Ct. App. 1996), to support his assertion that only an expert with training in biomechanics should be allowed to testify about the relation between an injury and trauma.  The cited cases do not make that holding.  *Madrid v. University of California* simply clarified that the phrase "expert medical testimony" describes the kind of testimony required,  not the witness's educational or licensing requirements.  Therefore, a psychologist, though not licensed as a medical doctor, was competent to offer testimony on behalf of the plaintiff in *Madrid*, which was a worker's compensation case.

In *Baerwald*, a case involving alleged temporomandibular joint (TMJ) injuries, the court allowed a biomechanical engineer to testify about the causation of such injuries.  However, the court did not prevent testimony from medical doctors on the same topic of causation.  In other words, the court did not limit the testimony to biomechanical engineers, but expanded the field of those who could address the causation issue to include biomechanical engineers as well as medical doctors. It may be that an otherwise well qualified biomechanical engineer could offer testimony that inguinal hernias are caused by trauma, but the Court is unaware of any such testimony being offered in this case.  In the Court's opinion, a medical doctor who has treated or evaluated approximately 2,000 hernia patients and operated on approximately 1,500 of them is qualified to testify about the cause of such hernias.  The weight to be given to his testimony is, of course, up to the jury.  To the extent that it is proved at trial that there are no grounds or methodology to explain how Dr. Syme reached his opinion, or that Dr. Syme did not have a complete factual basis for his opinion, that will have an impact on what weight the jury gives to Dr. Syme's testimony.  And, to the extent that

Plaintiff's Daubert motion is based only on Defendants' first expert disclosures, that issue has been mooted by the Court's resolution of Plaintiff's motion to strike on Rule 26 grounds.

Finally, Plaintiff asserts that "the trauma and injury in this case is fact-specific, and does not require expert testimony."   Plaintiff appears to be arguing that, since expert testimony is not required, it therefore should not be allowed.  First, there is no motion before the Court addressing the issue of whether expert testimony is required to prove the causal link between trauma and inguinal hernia.  Second, even if such testimony was not required, the Court is not of the opinion that that would justify barring such testimony, if offered.

**IT IS THEREFORE ORDERED** that both Plaintiff's *Daubert* Motion to Exclude the Expert Testimony of Dr. William Syme [Doc. 86] and Plaintiff's Motion to Strike the Defendants' Expert Dr. William Syme [Doc. 87] are DENIED.

_____
**W. DANIEL SCHNEIDER**
**United States Magistrate Judge**