IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JAVIER SOLIS-MARRUFO,**

**Plaintiff,**

**vs.**                                                                   CIV 11-00107 WDS/KBM

**BOARD OF COMMISSIONERS FOR
THE COUNTY OF BERNALILLO,
BENJAMIN FULLER, AND
CHRISTOPHER LEEPER,**

**Defendants.**

### ORDER DENYING DEFENDANT DEPUTIES' MOTION IN LIMINE No. II: THE EXCLUSION OF EVIDENCE AT TRIAL REGARDING POLICE STANDARD OPERATING PROCEDURES, TRAINING, AND LESS INTRUSIVE ALTERNATIVES

This matter comes before the Court on Defendant Deputies' Motion In Limine No.II: The Exclusion of Evidence at Trial Regarding Police Standard Operating Procedures, Training, and Less Intrusive Alternatives (Doc. No. 105).

Defendants move to exclude evidence that the Defendant officers failed to follow standard operating procedures or violated their training in how they handled the incident that occurred on February 9, 2009. Defendants correctly argue that a violation of standard operating procedures by law enforcement personnel or a failure to follow their training does not give rise to a constitutional violation under Section §1983. If that were the purpose of the evidence it would be inadmissible. Plaintiff, however, argues that the credibility of the witnesses is paramount in this case. Plaintiff contends the question of whether the Defendant officers followed standard operating procedures in their handling of Plaintiff would be relevant in evaluating the credibility of the testimony of the officers. While the Court is unaware at this point as to what SOP's or training are implicated, if they are on point they can be used.

If the manner in which Defendants charged Plaintiff, processed Plaintiff, and wrote reports on his attempt to flee were in violation of standard operating procedures or their training, it would be evidence for the jury to consider in weighing the truthfulness of the officers testimony about the incident. The Court will give an appropriate instruction to the jury stating the evidence cannot be considered as a basis for finding a constitutional violation, but is offered only on the issue of witness credibility.

IT IS THEREFORE ORDERED THAT Defendant Deputies' Motion In Limine No.II: The Exclusion of Evidence at Trial Regarding Police Standard Operating Procedures, Training, and Less Intrusive Alternatives (Doc. No. 105) is denied.

_____
W. Daniel Schneider
United States Magistrate Judge