IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JAVIER SOLIS-MARRUFO,**

**Plaintiff,**

**vs.**                                             CIV 11-00107 WDS/KBM

**BOARD OF COMMISSIONERS FOR
THE COUNTY OF BERNALILLO,
BENJAMIN FULLER, AND
CHRISTOPHER LEEPER,**

**Defendants.**

**ORDER GRANTING DEFENDANT DEPUTIES' MOTION IN LIMINE No. III:
THE EXCLUSION OF EVIDENCE AT TRIAL REGARDING PLAINTIFF'S HERNIA**

This matter comes before the Court on Defendants' Motion In Limine No. III: The Exclusion of Evidence At Trial Regarding Plaintiff's Hernias (Doc. No.106). The facts surrounding the motion are set out in the briefing papers and will not be recited here. The Court will rule as follows.

Initially, the question of whether the alleged kicks to the body, particularly the groin area, could have caused Plaintiff to develop an inguinal hernia is one requiring an expert medical opinion. Secondly, no medical expert has been identified by the Plaintiff to provide expert testimony on this matter under the disclosure requirements of Rule 26(a)(2)(B). While treating medical providers can give causation opinions in some circumstances, to the Court's knowledge none of the treating medical experts has, to this point in the case, tendered an expert opinion on the causation issue stated above.

Plaintiff argues that Dr. Perez, the only qualified medical expert who actually treated the hernia, should be allowed to testify as to the causation issue. As Plaintiff concedes in his papers, Dr. Perez admitted that he was not an expert in how much force would need to be applied to cause

a hernia and how the body would react to that force.  The most important factor missing from Dr. Perez's statements at his deposition is a definitive opinion that to a reasonable degree of medical certainty, the kick to the groin caused the inguinal hernia.  At his deposition he was unable to go farther than to say, based almost solely upon a patient history, that the incident with the deputies may possibly be related to or could have been a contributing factor to the hernias.  Not only is this opinion not based upon sufficient facts and data, but Dr. Perez's inability to get beyond the generalities "may possibly" and "could have been a contributing factor" renders his opinion unhelpful to the trier of fact under Rule of Evidence 702.

To avoid any issues at trial, before any mention is made of the Plaintiff's hernias, counsel should approach the bench for further direction.

IT IS THEREFORE ORDERED THAT This matter comes before the Court on Defendants' Motion In Limine No. III: The Exclusion of Evidence At Trial Regarding Plaintiff's Hernias (Doc. No.106) is granted as set out above.

_____
W. Daniel Schneider
United States Magistrate Judge