IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JAVIER SOLIS-MARRUFO,**

**Plaintiff,**

**vs.**                                                                          **CIV 11-00107 WDS/KBM**

**BOARD OF COMMISSIONERS FOR
THE COUNTY OF BERNALILLO,
BENJAMIN FULLER, AND
CHRISTOPHER LEEPER,**

**Defendants.**

**ORDER GRANTING IN PART PLAINTIFF'S
CONSOLIDATED MOTIONS IN LIMINE**

This matter comes before the Court on Plaintiff's Consolidated Motions in Limine (Doc. No. 105). Plaintiff moves to exclude the following categories of evidence:

1. Evidence of Unrelated Criminal Charges or Convictions;

2. Evidence related to the charge of possession of a controlled substance;

3. Non-Relevant Allegations of Cocaine use by Plaintiff;

4. Testimony Related to Dismissed Parties;

5. Evidence of Payments of Plaintiff's Medical Expenses;

6. Evidence of Plaintiff's Immigration Status;

7. Evidence of Plaintiff's Loss of Income and Payment of Taxes.

Defendants do not contest categories 1, 5, and 7. The parties have resolved category 6 by consent, in that Defendants will be able to question Plaintiff about the amount of time he has been in the United States, but not about the method for his entry into the country.

Defendants initially objected to Category 2, Evidence related to the charge of possession of

a controlled substance, on the basis that the consolidated pre-trial order included a claim for unlawful search. In Plaintiff's reply he clarified that the issue of unlawful search has been withdrawn. Accordingly, that portion of the motion is granted by consent. It is unclear to the Court, however, whether Defendants are also arguing that they should be able to explain to the jury that a possession charge resulted in a more thorough physical screening of Plaintiff. The Court will make a ruling before trial.

Plaintiff next seeks to exclude non-relevant allegations of cocaine use by Plaintiff. (Category 3). There is no evidence presented to the Court about Plaintiff's purported use of cocaine, nor is there any evidence that his memory was impaired at the time of this incident. The Court finds Plaintiff's motion well taken, and evidence of Plaintiff's past use of cocaine is excluded under Rule 403.

Plaintiff next seeks to exclude the names of defendants who were named in the original complaint but dismissed during discovery. (Category 4) In the Court's opinion such testimony is not so irrelevant or prejudicial that it should be excluded under Rule 403. Defendants are entitled to cross examine Plaintiff regarding the allegations of his complaint, and the Court sees no reason to exclude the names of any of the officers who Plaintiff alleged participated in the incident.

IT IS THEREFORE ORDERED THAT Plaintiff's Consolidated Motions in Limine (No. 107) is granted in part, and denied in part, as follows:

1. Exclude unrelated Criminal Charges or Convictions: GRANTED (uncontested)
2. Exclude Evidence re: charge of possession of controlled substance: GRANTED in part.
3. Exclude Allegations of Cocaine use by Plaintiff: GRANTED
4. Exclude Testimony Related to Dismissed Parties: DENIED
5. Evidence of Payments of Plaintiff's Medical Expenses: GRANTED (uncontested)

6. Evidence of Plaintiff's Immigration Status: RESOLVED BY PARTIES

7. Evid. of Plaintiff's Loss of Income and Payment of Taxes: GRANTED (uncontested)

>                              _____
>                              W. Daniel Schneider
>                              United States Magistrate Judge