## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

JAVIER SOLIS-MARRUFO,

        Plaintiff,

vs.                                                                   No. CIV 11-0107 JB/KBM

BOARD OF COMMISSIONERS FOR
THE COUNTY OF BERNALILLO,
BENJAMIN FULLER,
CHRISTOPHER LEEPER, AND
JASON PLUM,

        Defendants.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on: (i) the Objections to Defendants' Proposed Voir Dire Questions, filed March 27, 2013 (Doc. 230)("Plaintiff's Objections"); and (ii) the County Defendants' Objections to Plaintiff's Proposed Voir Dire Questions, filed March 27, 2013 (Doc. 234)("Defendants' Objections").   The Court held a hearing on April 1, 2013.   The primary issues are whether the Court should allow the Plaintiff Javier Solis-Marrufo to question prospective jurors regarding their thoughts and feelings on the Albuquerque Police Department's ("APD") recent publicity.   The parties' remaining objections are overruled.   The Court concludes that questions regarding APD's recent publicity are helpful for Solis-Marrufo and the Defendants Board of County Commissioners of the County of Bernalillo, Fuller, Leeper, and Plum (collectively, "the Defendants") to probe whether prospective jurors have biases regarding law enforcement officers generally and, therefore, will overrule the Defendants' objection to Solis-Marrufo's proposed voir dire question regarding recent APD publicity.

**FACTUAL BACKGROUND**

This case arises from Solis-Marrufo's alleged civil rights violations, which he asserts occurred in relation to an incident on February 2, 2009, involving the Bernalillo County Sheriff's Office ("BCSO") in Albuquerque, New Mexico. See Third Amended Complaint for Violations of Civil Rights, Tort Claims, and Damages ¶¶ 8-35, at 2-6, filed October 5, 2012 ("Complaint"). On February 2, 2009, Fuller responded to a 911 call reporting domestic violence at 1521 Aragon Road SW. See Complaint ¶¶ 5, 8-10, at 2. Fuller was tasked with finding a suspect and found Solis-Marrufo seated in a stopped car. Fuller determined that Solis-Marrufo was not the suspect for which he was searching, but he nonetheless investigated Solis-Marrufo for driving under the influence of alcohol or drugs and arrested Solis-Marrufo for possession of a controlled substance. See Complaint ¶¶ 9, 11, 14-16, 19-20 at 2-4. The dollar bill on Solis-Marrufo that Fuller believed contained a controlled substance was not preserved in evidence. See Complaint ¶ 19, at 4. Later, at the BCSO South Valley Command Center, Solis-Marrufo attempted to leave the area, and Fuller, Leeper, and Plum, among other officers, attacked Solis-Marrufo. See Complaint ¶ 24, at 4; First Motion for Sanctions at 2. While attempting to leave, Solis-Marrufo kicked Fuller, knocking the wind out of him. See Motion to Reopen Discovery at 1. Solis-Marrufo continued to attempt to leave but was intercepted by a BCSO deputy, whom Fuller could not identify at the time. See Motion to Reopen Discovery and Reset Certain Discovery-Related Deadlines at 1, filed May 24, 2012 (Doc. 256).

During the altercation, Solis-Marrufo was allegedly hit and/or "kicked numerous times on his body, and specifically in his groin area." Complaint ¶ 26, at 5. Solis-Marrufo states that

he has suffered numerous temporary and permanent physical and emotional injuries from the altercation at the substation.  See Complaint ¶¶ 30-33, at 6.  He states that he has incurred $14,172.62 in medical bills for the treatment of his injuries, and he believes he will need future medical and mental health treatment for the injuries he suffered from the incident at the substation. See Complaint ¶¶ 34-35, at 6.

## PROCEDURAL BACKGROUND

The parties consented on September 23, 2011, to the Honorable W. Daniel Schneider, United States Magistrate Judge conducting "all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of final judgment."   Notice, Consent, and Reference of a Civil Action to Magistrate Judge W. Daniel Schneider, filed September 23, 2011 (Doc. 70).   Judge Schneider recused himself from the case on May 7, 2012 and the case was reassigned to the Honorable C. LeRoy Hansen, Senior United States District Judge for the District of New Mexico. See Doc. 151.   Judge Schneider recused himself because Solis-Marrufo sought sanctions against the Defendants' counsel, which included Terri S. Beach, an attorney that formerly worked as Judge Schneider's law clerk.   See Transcript of Hearing at 37:3-9 (Gorence)(taken December 13, 2012)("Dec. 13 Tr.").[1]   The case was reassigned to the Court on May 23, 2012.   See Doc. 155.

On April 20, 2012, Solis-Marrufo requested Judge Schneider to exclude certain evidence from trial, including "[e]vidence related to charge of possession of a controlled substance." Plaintiff's Consolidated Motions in Limine at 5, filed April 20, 2012 (Doc. 107)("MIL"). Specifically, Solis-Marrufo argued that the Defendants should not be allowed to introduce

---

[1] The Court's citations to the transcripts refer to the court reporter's original, unedited version.   Any final transcript may contain slightly different page and/or line numbers.

evidence that they found cocaine on Solis-Marrufo the night of the incident.   <u>See</u> MIL at 5-7.   In

the County Defendants' Response to Plaintiff's Consolidated Motions in Limine, filed April 27,

2012 (Doc. 113)("Response"), the Defendants conceded that, if Solis-Marrufo does not seek to

contest the lawfulness of his detention and arrest, "but is instead limiting his focus to the alleged

excessive force applied against Plaintiff after his arrest, then County Defendants do not intend to

present evidence of the facts underlying the charge of possession of a controlled substance."

Response at 5.   In the Plaintiff's Reply to Defendant's Response to Plaintiff's Consolidated

Motions in Limine, filed May 1, 2012 (Doc. 133)("Reply"), Solis-Marrufo explained that,

although he stated in the Pre-Trial Order before Judge Schneider, at 4, filed March 29, 2012 that

"Defendants Fuller and Leeper had no lawful reason to detain, arrest or search Plaintiff," he

"withdraws that contention."   Reply at 2.   Judge Schneider ruled that Solis-Marrufo's request to

exclude evidence "related to the charge of possession of a controlled substance" was "granted by

consent" because Solis-Marrufo stated in his reply that the "issue of unlawful search has been

withdrawn."   Order Granting in Part Plaintiff's Consolidated Motions in Limine at 2, filed May 3,

2012 (Doc. 142)("Order").

      This matter is set for trial on April 1, 2013.   <u>See</u> Minute Order, filed February 25, 2013

(Doc. 216).   In the Pre-Trial Order, filed March 22, 2013 (Doc. 219), Solis-Marrufo again states

that "Defendants Fuller and Leeper had no lawful reason to detain, arrest or search Plaintiff."

Pre-Trial Order at 4.   On March 29, 2013, the Court ruled that Solis-Marrufo may not introduce

evidence of BCSO standard operating procedures to impeach Fuller, Leeper, and/or Plum at trial.

See Memorandum Opinion and Order at 1, filed March 29, 2013 (Doc. 246)("SOP MOO").   On

March 27, 2013, the parties stipulated to a jury instruction regarding the effect of a verdict on

juror's taxes: "A judgment rendered in this case, if any, will not affect any tax levied or assessed by

the County of Bernalillo."   Joint Proposed Stipulated Jury Instruction Regarding Juror Taxes at 2,

filed March 27, 2013 (Doc. 227)("Stipulation").

Plaintiff Javier Solis-Marrufo requests, among other questions, to ask potential jurors at

voir dire the following questions:

**I. Bernalillo County Sheriff's Department:**

1.   Has any member of the panel heard or read anything involving the
Bernalillo County Sheriff's Department and its police practices?   If so, what have you
heard or read and what was the source of the information?

. . . .

**I. Recent Law Enforcement Publicity:**

1.   Has any member of the panel heard anything about the recent verdicts
against police officers? If so, what have you heard? What is your opinion of these
verdicts?

2.   Has any member of the panel heard anything about the Albuquerque Police
Chief's announcement of retirement?   If so, what have you heard?   What is your
opinion of his retirement?

3.   Has any member of the panel heard of the recent federal investigation into
the Albuquerque Police Department?   If so, what have you heard or read and what was
the source of the information?   What are your thoughts?

. . . .

**II. Language Barriers:**

1. Is there anyone here who has strong opinions about citizens who do not
speak English as their first language?   People that may need an interpreter to
understand English?

2.   Is there anyone here that believes a citizen who does not speak English is
not entitled to win any money in a lawsuit?

Plaintiff's Proposed *Voir Dire* Questions to be Asked by the Court and by Plaintiff's Counsel at 1, 4-5,

filed March 27, 2013 (Doc. 225)("Plaintiff's Voir Dire").

The Defendants submitted the following questions, among others, to the Court for voir dire:

1. This case involves Bernalillo County Sheriff's Department deputies who approached a man (Mr. Solis-Marrufo) who was seated in the driver's seat of his truck.  The deputies initially suspected that Mr. Solis-Marrufo was the suspect who had fled the scene of a nearby domestic violence incident.  Instead, the deputies quickly learned that Mr. Solis-Marrufo was *not* the domestic violence suspect but was instead operating a motor vehicle while under the influence.

        A.  Is there anyone here who believes that a police officer or deputy should *not* aggressively pursue a suspect in a domestic violence incident?

        B.  Is there anyone here who believes that a police officer or deputy should *not* investigate drivers who are operating motor vehicles while under the influence of drugs or alcohol?

        C. Is there anyone here who believes that a police officer or deputy should over look or ignore a suspect's possession of an illegal drug?

. . . .

15.   Do you believe that people who file injury claims or lawsuits for personal injuries may sometimes intentionally exaggerate and magnify their symptoms to support their claim for damages or financial compensation?

Defendant Officers' Requested Voir Dire at 1-2, 6, filed March 28, 2013 (Doc. 244)("Defendants' Voir Dire")(emphasis in original).

The parties object to certain of each other's proposed voir dire questions.   Solis-Marrufo objects to the Defendants' proposed voir dire questions 1 and 15.   Solis-Marrufo asserts that the Defendants' question 1 violates Judge Schneider's Order regarding the admissibility of "evidence related to the charge of possession of a controlled substance."   Plaintiff's Objections at 2. Solis-Marrufo objects to the Defendants' voir dire question 1.A on the basis that it "distorts the law in the Tenth Circuit" regarding excessive force.   Plaintiff's Objections at 2.   Solis-Marrufo contends that the use of the phrase "aggressively pursue" is a legal argument and inappropriate in

voir dire, in addition to being highly prejudicial.  Plaintiff's Objections at 2.  Regarding the Defendants' voir dire question 15, Solis-Marrufo asserts that the Defendants' proposed question does not "serve any legitimate purpose at trial and it is highly prejudicial," and is designed to "inflame the jury against Plaintiff's damages and give them the false belief that Plaintiff is making up his damages."  Plaintiff's Objections at 3.

The Defendants object to Solis-Marrufo's proposed voir dire questions I.1, at 1-2, I.1, I.2, and I.3, at 4, and II.1 and II.2 at 4-5.  The Defendants assert that Solis-Marrufo's use of the term "police practices" in voir dire question I.1 violates the Court's ruling regarding the admissibility of evidence of standard operating procedures at trial.  Defendants Objections at 1-2.  The Defendants assert that Solis-Marrufo's proposed voir dire questions I.1, I.2, and I.3, at 4 are "obviated by the stipulation."  Defendants' Objections at 2.  The Defendants assert that any questions regarding the Albuquerque Police Department are irrelevant to the case, and would only "serve to potentially tar County Defendants with the unfavorable perception of the APD." Defendants' Objections at 2.  Regarding Solis-Marrufo's proposed voir dire questions II.1 and II.2, at 4-5, the Defendants assert that these questions "imply that Plaintiff is a United States citizen."  Defendants' Objections at 3.  The Defendants concede that, if Solis-Marrufo uses the term "person" or "people" in his proposed voir dire questions II.1 and II.2, then they will not object to the questions.  Defendants' Objections at 3.  The Defendants contend that, if Solis-Marrufo uses the term "citizen" in his proposed voir dire questions II.1 and II.2, then a discussion of Solis-Marrufo's citizenship would be appropriate at trial.  Defendants' Objections at 3.

The Court discussed the parties' objections to proposed voir dire questions on April 1, 2013.  See Transcript of Hearing (taken April 1, 2013)("Tr.").[2]  Regarding Solis-Marrufo's proposed voir dire question I.1, the Defendants stated that they do not object to the question if Solis-Marrufo takes out the phrase "police practices" in reference to BCSO.  Tr. at 5:6-16 (Oliveros, Court, Roman).  Regarding the Defendants' objections to Plaintiff's Voir Dire questions I.1, I.2, and I.3, at 4, -- on the topic of recent law enforcement publicity -- the Court inquired whether the parties want the Court to read the Stipulation during voir dire, and if reading the Stipulation during voir dire would satisfy Solis-Marrufo's need to ask voir dire questions I.1, I.2, and I.3.  See Tr. at 5:17-22 (Court).  Solis-Marrufo stated that he would like the Court to read the Stipulation at voir dire, and the Defendants stated that they believe reading the Stipulation as part of the final instructions would be sufficient.  See Tr. at 5:23-6:8 (Oliveros, Court, Roman).  The Court stated that it would read the Stipulation during voir dire, given that the parties agreed to reading the Stipulation to the jury at some point.  See Tr. at 6:9-14 (Court).  Solis-Marrufo informed the Court that, even with the Stipulation being read during voir dire, he would still like to ask potential jurors questions regarding their general interactions and impressions of BCSO.  See Tr. at 6:19-7:1 (Oliveros).  The Defendants pointed out that Solis-Marrufo's voir dire questions I.2 and I.3 "specifically reference APD, [C]hief Shultz, and the federal investigation into APD," and, therefore the questions probe issues unrelated to the trial.[3]  Tr. at 7:4-13 (Roman).  The

---

[2]  The Court's citations to the transcript of the hearing refer to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

[3]  The Department of Justice is currently investigating APD to determine whether APD engages in a pattern or practice of violating individual civil rights.  See Jeff Proctor, *DOJ: Investigation of Albuquerque police is "from the top down,"* Albuquerque Journal, February 11, 2013,   http://www.abqjournal.com/main/2013/02/11/abqnewsseeker/doj-investigation-of-albuqu erque-police-is-from-the-top-down.html.   APD Chief Ray Schultz plans to retire from his post

Defendants asserted that the Stipulation covers any adverse feelings jurors may have about awarding damages to Solis-Marrufo, and, therefore, the questions regarding recent APD events are not necessary.  See Tr. at 7:8-13 (Roman).  Solis-Marrufo asserted that asking his voir dire questions I.2 and I.3 would be beneficial to the Defendants, as those inquiries would develop any prejudice potential jurors might have towards APD that could be directed at BCSO.  See Tr. at 7:16-8:3 (Oliveros).  The Defendants contended that Solis-Marrufo can probe into any underlying bias against law enforcement in general "without bringing up the specificity of [the] fed[eral] investigation and other recent news items that have the potential for confusion."  Tr. at 8:5-11 (Roman).  The Court stated that the parties would need to ask the potential jurors questions regarding their bias for and against APD, and on that basis overruled the Defendants' objection to Solis-Marrufo's proposed voir dire question I.1, I.2, and I.3.  See Tr. at 8:12-17 (Court).  The Defendants informed the Court that they prefer it to ask questions regarding APD, and Solis-Marrufo consented to the Court asking those questions.  See Tr. at 11:3-10 (Roman, Court, Oliveros).

Turning to the Defendants' objections to Solis-Marrufo's proposed voir dire questions II.1 and II.2, the Court noted that Solis-Marrufo's citizenship is not at issue in this case, and suggested that Solis-Marrufo ask his questions regarding language barriers without referencing citizenship.  See Tr. at 9:15-20 (Court).  The Defendants stated that they do not object to Solis-Marrufo's proposed voir dire questions II.1 and II.2 if Solis-Marrufo does not make any reference to citizenship in those questions, and Solis-Marrufo agreed to not reference citizenship.  See Tr. at

_____

after the Department of Justice completes its "fact-finding" portion of the investigation.  Jeff Proctor, *Breaking: Chief Shultz to step down*, Albuquerque Journal, March 15, 2013, http://www.abqjournal.com/main/2013/03/15/abqnewsseeker/breaking-chief-schultz-steps-down. html;

10:17-21 (Court, Roman).   The Court directed Solis-Marrufo to not make any reference to citizenship in his proposed voir dire questions II.1 and II.2.   See Tr. at 10:22-11:2 (Court).

Turning to the Plaintiff's Objections, the Defendants stated that Solis-Marrufo's objection to the Defendants' proposed voir dire questions 1.A, 1.B, and 1.C misstates Judge Schneider's Order.   See Tr. at 12:17-24 (Court, Roman).   The Court informed the parties that it would review Judge Schneider's Order to determine the extent of his ruling, as the parties did not request the Court to reconsider the Order.   See Tr. at 16:1-5 (Court).   Regarding the Defendants' proposed voir dire question 1.A, the Court overruled Solis-Marrufo's objection thereto, because the Court found nothing problematic about questions regarding law enforcement officers "aggressively pursuing" a suspect.   Tr. at 16:16-18 (Court).

## LAW REGARDING JURY SELECTION

"To be meaningful, the adequacy of voir dire examination must allow a party an opportunity to make reasonably intelligent use of peremptory challenges and challenges for cause."   Lowery v. City of Albuquerque, No. 09-0457, 2012 WL 1372273, at *4 (D.N.M. Apr. 11, 2012)(Browning, J.)(citing United States v. Rucker, 557 F.2d 1046, 1049 (4th Cir. 1977)). "[V]oir dire is within the sound discretion of the trial court, and the court's exercise of that discretion will not be disturbed, absent a clear showing of abuse."   United States v. Whitt, 718 F.2d 1494, 1497 (10th Cir. 1983).   See United States v. Gibbons, 607 F.2d 1320, 1330 (10th Cir. 1979)("The trial court has broad discretion in conducting the voir dire examination.").   "[D]istrict courts have broad discretion in fashioning the method of exercising peremptory challenges, and the jury selection procedure in general."   United States v. Morris, 623 F.2d 145, 151 (10th Cir. 1980).

<u>**ANALYSIS**</u>

The Court overrules the Defendants' Objections to the Plaintiff's Voir Dire.   The Court also overrules Solis-Marrufo's objections to the Defendants' Voir Dire.   For the most part, the parties' voir dire is acceptable voir dire in police-excessive-force cases, and some objections can be resolved with a word change or two.

**I.      THE COURT OVERRULES THE DEFENDANTS'OBJECTIONSTO
         SOLIS-MARRUFO'S PROPOSED VOIR DIRE.**

The Defendants object to Solis-Marrufo's proposed voir dire questions I.1, I.2, and I.3, at 4: "1.   Has any member of the panel heard or read anything involving the Bernalillo County Sheriff's Department and its police practices?   If so, what have you heard or read and what was the source of the information?"   Plaintiff's Voir Dire at 1.   The Defendants contend that probing the proposed jurors regarding BCSO's "police practices" violates the Court's SOP MOO.   Defendants Objections at 1-2.   At the hearing, the Defendants informed the Court that they do not object to this question if Solis-Marrufo omits any reference to "police practices," and Solis-Marrufo agreed to not mention "police practices" when asking this question.   Tr. at 5:6-16 (Oliveros, Court, Roman).   Accordingly, the Court overrules the Defendants' Objection to Solis-Marrufo's proposed voir dire question I.1 at 1.

The Defendants object to Solis-Marrufo's proposed questions regarding recent law enforcement publicity:

**I. Recent Law Enforcement Publicity:**

     1.   Has any member of the panel heard anything about the recent verdicts against police officers?   If so, what have you heard?   What is your opinion of these verdicts?

>    2.   Has any member of the panel heard anything about the Albuquerque Police Chief's announcement of retirement? If so, what have you heard? What is your opinion of his retirement?
>
>    3.   Has any member of the panel heard of the recent federal investigation into the Albuquerque Police Department?   If so, what have you heard or read and what was the source of the information?   What are your thoughts?

Plaintiffs' Voir Dire at 4.   The Defendants contend that the Stipulation obviates Solis-Marrufo's purpose for asking these questions.   See Defendants' Objections at 2.   Solis-Marrufo asserts, however, that he needs to ask the prospective jurors these questions to determine whether they have a bias for or against law enforcement officers generally.   See Tr. at 7:16-8:3 (Oliveros).

The Department of Justice ("DOJ") investigation into APD has received wide-spread coverage in the Albuquerque area, and in the state of New Mexico, and the public likely has knowledge of the DOJ investigation, APD Chief Ray Schultz' retirement, and of recent large-sum verdicts awarded against APD.   See Jeff Proctor, *$10 million verdict in APD shooting (with corrected information)*, Albuquerque Journal, March 16, 2013, http://www.abqjournal.com/main/2013/03/16/news/10-million-verdict-in-apd-shooting.html; Jeff Proctor, *Breaking: Chief Shultz to step down*, Albuquerque Journal, March 15, 2013, http://www.abqjournal.com/main/2013/03/15/abqnewsseeker/breaking-chief-schultz-steps-down. html; Russell Contreras, *DOJ holding forums on Albuquerque police probe*, The Daily Times, March 2, 2013, http://www.daily-times.com/farmington-news/ci_22703717/doj-holding-forums-albuquerque-police-probe.   An inquiry whether the prospective jurors have strong feelings regarding large verdicts against law enforcement officers in excessive-force cases, Schultz' retirement, or the DOJ investigation of APD may be helpful for the parties to determine if any prospective jurors have biases for or against law enforcement officers generally.   "To be meaningful, the adequacy of voir dire examination must allow a party an opportunity to make

- 12 -

reasonably intelligent use of peremptory challenges and challenges for cause."   Lowery v. City of

Albuquerque, 2012 WL 1372273, at *4.   An inquiry whether prospective jurors are biased for or

against law enforcement officers, based upon their feelings regarding the APD's recent publicity,

is a useful inquiry for determining which jurors should be stricken for cause or on a peremptory

challenge.   The Defendants have requested that the Court read the questions regarding APD's

recent publicity, and Solis-Marrufo consents to this method of voir dire questioning.   See Tr. at

11:3-10 (Roman, Court, Oliveros).   The Court believes that its reading of questions regarding

APD's recent publicity will help to cure any prejudice that the questions may cause the

Defendants, as the questions will be presented from a neutral participant in the litigation, and,

therefore, the prospective jurors will be less likely to immediately link their thoughts and feelings

regarding APD with positive or negative feelings towards one party.   The Court, accordingly,

overrules the Defendants' objections to Solis-Marrufo's proposed voir dire questions I.1, I.2, and

I.3, and 4.

      The Defendants object to Solis-Marrufo's proposed voir dire question II.1 and II.2:

**II.   Language Barriers:**

      1.   Is there anyone here who has strong opinions about citizens who do not
speak English as their first language?   People that may need an interpreter to
understand English?

      2.   Is there anyone here that believes a citizen who does not speak English is
not entitled to win any money in a lawsuit?

Plaintiff's Voir Dire at 4-5.   The Defendants object to these questions on the basis that they imply

that Solis-Marrufo is a United States citizen, but concede that they would not object to these questions

if Solis-Marrufo excludes any reference to citizenship.   See Defendants' Objections at 3.   At the

hearing, Solis-Marrufo agreed to omit any reference to citizenship when asking these questions.   See

Tr. at 10:13-19 (Court, Oliveros).   Accordingly, the Court overrules the Defendants' objection to

Solis-Marrufo's proposed voir dire question II.1 and II.2.

## II.     THE COURT OVERRULES SOLIS-MARRUFO'S OBJECTIONS TO THE DEFENDANTS' VOIR DIRE.

Solis-Marrufo objects to the Defendants' proposed voir dire questions 1.A, 1.B, and 1.C:

1.    This case involves Bernalillo County Sheriff's Department deputies who approached a man (Mr. Solis-Marrufo) who was seated in the driver's seat of his truck. The deputies initially suspected that Mr. Solis-Marrufo was the suspect who had fled the scene of a nearby domestic violence incident.   Instead, the deputies quickly learned that Mr. Solis-Marrufo was *not* the domestic violence suspect but was instead operating a motor vehicle while under the influence.

A.  Is there anyone here who believes that a police officer or deputy should *not* aggressively pursue a suspect in a domestic violence incident?

B.  Is there anyone here who believes that a police officer or deputy should *not* investigate drivers who are operating motor vehicles while under the influence of drugs or alcohol?

C.   Is there anyone here who believes that a police officer or deputy should over look or ignore a suspect's possession of an illegal drug?

Defendants' Voir Dire at 1-2 (emphasis in original).   Solis-Marrufo contends that asking these

questions is prejudicial to his case and distorts the Tenth Circuit's law regarding excessive force.

See Plaintiff's Objections at 2.   The Court overrules Solis-Marrufo's objection to the Defendants'

proposed voir dire questions 1.A and 1.B, but sustains his objection to 1.C, because the Defendants

did not ask those questions at voir dire.[4]   See Tr. at 153:14-155:15 (Robles).   The Court does not

believe that inquiring whether potential jurors believe law enforcement officers should

aggressively pursue a suspect is a prejudicial line of questioning.   If a prospective juror is opposed

to police ever using force, the Defendants should be able to explore that belief.   Similarly, if a

---

[4] The Defendants did not ask their proposed voir dire questions 1.A and 1.B at voir dire. See Tr. at 153:14-155:15 (Robles).

prospective juror does not believe that police should investigate alleged driving-under-the-influence occurrences, the Defendants should be able to learn of that belief.

The Defendants asserted at the hearing that Judge Schneider's Order does not preclude them mentioning that Solis-Marrufo possessed cocaine, or was charged with possession of a controlled substance, at the time Fuller directed him to exit his vehicle.  See Tr. at 13:1-12 (Roman).   The Court reviewed Judge Schneider's Order and determines that it does not preclude the Defendants from questioning potential jurors regarding what they believe a law enforcement officer should do when they observe a suspect's possession of an illegal drug.   See Tr. at 195:3-8 (Court).   In their Response, however, the Defendants conceded that, if Solis-Marrufo does not seek to contest the lawfulness of his detention and arrest, "but is instead limiting his focus to the alleged excessive force applied against Plaintiff after his arrest, then County Defendants do not intend to present evidence of the facts underlying the charge of possession of a controlled substance."  Response at 5.  Judge Schneider held, therefore, that Solis-Marrufo's motion to exclude evidence that he was charged with possession of a controlled substance was granted by consent, because Solis-Marrufo withdrew the allegation that Fuller and Leeper unlawfully arrested him.  See Order at 1-2.  At the hearing, Solis-Marrufo withdrew any contention that his arrest was unlawful.  See Tr. at 197:10-11 (Oliveros).  The Defendants contended that their concession in the Response "wasn't meant to be only related to the actual claim of unlawful arrest."  Tr. at 204:25-205:2 (Roman).  The Defendants asserted that whether Fuller noticed evidence that Solis-Marrufo possessed cocaine is relevant whether he pushed Fuller at the time.  See Tr. at 206:10-16 (Roman).  The Court informed the Defendants that it must "keep the County defendants to the representations to the Court."  Tr. at 205:16-20 (Court).  The Court allowed the

Defendants, however, to state that Fuller saw "evidence or something [fall] out of his pocket" for the purpose of setting the context for when Fuller found Solis-Marrufo.   Tr. at 207:18-24 (Court).

At trial, the Court informed the parties that it will hold Solis-Marrufo to his withdrawal of the contention that Fuller and Leeper unlawfully arrested him, because he has not indicated that the Court should revisit his previous withdrawal of that contention.   Because Judge Schneider granted Solis-Marrufo's motion in limine to exclude evidence related to the charge of possession on the basis of Solis-Marrufo's withdrawal of the allegation that his arrest was unlawful, the Court will not allow the Defendants to question potential jurors regarding their feelings on a law enforcement officer's role when he or she observes evidence of an illegal drug.   See Tr. at 194:24-197:3 (Court).

Solis-Marrufo objects to the Defendants' proposed voir dire question 15: "15. Do you believe that people who file injury claims or lawsuits for personal injuries may      sometimes intentionally exaggerate and magnify their symptoms to support their claim for damages or financial compensation?"   Defendants' Voir Dire at 6.   The Court also overrules Solis-Marrufo's objections to the Defendants' proposed voir dire question 15.   At trial, Solis-Marrufo questioned potential jurors whether they believe that people bring lawsuits "wanting a free payday," and whether any potential jurors believe that people will "commit crimes in the hopes that an officer does something or maybe something goes wrong so they can bring a lawsuit."   Tr. at 113:6-115:7 (Harris, Prospective Jurors).   Solis-Marrufo also asked the potential jurors whether "anybody else . . . shares a similar view point that maybe people who bring lawsuits against officers do so just so they can get extra money."   Tr. at 115:8-25 (Harris, Prospective Jurors).   These inquiries go to the heart of Solis-Marrufo's objections to the Defendants' proposed voir dire question 15: that

asking the potential jurors whether they believe a person bringing a personal injury suit might exaggerate his or her asserted damages would "inflame the jury against Plaintiff's damages and give them the false belief that Plaintiff is making up his damages."   Plaintiff's Objections at 3. Both Solis-Marrufo's questions at voir dire regarding the potential jurors' beliefs that people bring personal injury lawsuits in the hopes of securing a "free payday," Tr. at 114:17 (Harris) and the Defendants' proposed voir dire question 15, regarding a person exaggerating his or her damages in the hopes of receiving greater financial compensation, probe potential jurors whether they believe that individuals might attempt to manipulate the legal system for financial benefit.   These are legitimate concerns for parties to explore, and some potential jurors hold such beliefs. Solis-Marrufo's objection to the Defendants' proposed voir dire question 15 is, therefore, overruled.   He probed the jury regarding the same matter that he asserted the Defendants should not raise.   Moreover, the Defendants did not ask this question at voir dire.   See Tr. at 153:14-155:15 (Robles).

IT IS ORDERED that (i) the Objections to Defendants' Proposed Voir Dire Questions, filed March 27, 2013 (Doc. 230), are overruled; and (ii) the County Defendants' Objections to Plaintiff's Proposed Voir Dire Questions, filed March 27, 2013 (Doc. 234) are overruled.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Robert Gorence
Louren M. Oliveros
Andrea D. Harris
Gorence & Oliveros, P.C.
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Luis E. Robles
David Roman
Terri S. Beach
Robles, Rael, & Anaya
Albuquerque, New Mexico

      *Attorneys for the Defendants*